■ In the Matter of THOMAS MORAN et al., Petitioners, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Consolidated proceedings pursuant to CPLR articles 78 and 30 to review two determinations of the respondent Commissioner of the New York State Department of Social Services, dated May 4, 1987 and June 19, 1987, respectively, which, after separate hearings, denied the petitioners' applications for Medicaid transportation reimbursement.

Adjudged that the determinations are confirmed, without costs or disbursements, and the proceeding is dismissed, on the merits.

The petitioners both suffer from schizophrenia and both receive Social Security disability benefits and medical assistance. As part of their prescribed treatment, they attend a "psychosocial club" known as the Herricks Exchange. The petitioners are seeking reimbursement from the Department of Social Services for their travel costs incurred as a result of their attendance at the Herricks Exchange. The club is operated by the Long Island Jewish-Hillside Medical Center under contract with the Nassau County Department of Mental Health, Mental Retardation and Developmental Disabilities. It is authorized to provide out-patient clinical treatment for its clients pursuant to an operating certificate issued to the hospital by the New York State Office of Mental Health. Since Nassau County voluntarily participates in the Herricks Exchange, the responsibility to provide transportation reimbursement does not rest with the State Medicaid program (see, 14 NYCRR 575.5 [c]). Rather, the obligation to provide transportation may lie with the Nassau County Department of Mental Health.

The petitioners further contend that the failure of the Department of Social Services to reimburse them for their travel costs violates both their State and Federal Constitutional rights. While the petitioners are correct in claiming

that the State Constitution imposes upon the State an affirmative duty to aid the needy (see, NY Const, art XVII, §§ 1, 3), it does not require that all expenses which a needy person incurs must be paid by the Department of Social Services (see, Matter of Bernstein v Toia, 43 NY2d 437, 448-449). The petitioners' equal protection argument must likewise fail. The petitioners failed to demonstrate that Medicaid recipients who attend a psychosocial club are being reimbursed by the Department of Social Services. Absent a showing of disparate treatment among the Medicaid recipients attending psychosocial programs, there is no violation of equal protection. Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.